UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMBER GINGILOSKI,
    Plaintiff,

**COMPLAINT**

-vs.-

COMMERCIAL RECOVERY SERVICES,     **DEMAND FOR JURY TRIAL**
a Michigan corporation,
    Defendant.
_____/
GARY D. NITZKIN P41155
TRAVIS SHACKELFORD P68710
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com
_____/

## JURISDICTION

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

2. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d), 28 U.S.C. §§1331,1337.

1

## PARTIES

3. The Defendant to this lawsuit is Commercial Recovery Services which is a Michigan company that maintains its offices in Farmington Hills, Oakland County, Michigan.

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Wayne County, Michigan as Plaintiff resides in the City of Livonia in Wayne County, Michigan.

5. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to Michigan Head and Spine in the amount of $88.90 (the "Debt").

7. On or about August 19, 2016, Mrs. Gingiloski received a voicemail from Defendant. Nowhere in this voicemail did Defendant identify itself as a debt collector, as required by the FDCPA.

8. Shortly after receiving this voicemail, Mrs. Gingiloski returned Defendant's phone call and it attempted to collect the alleged Debt.

9. On or about August 22, 2016, Mrs. Gingiloski received a letter from Defendant, which was dated August 16, 2016 but was not postmarked until August 18, 2016. In its letter, Defendant overshadowed the 30-day validation notice rights as it stated, "Please be advised that your account has been assigned to Commercial Recovery Services for immediate payment. You have 5 days to arrange for payment or further collection efforts will commence."

10. Defendant misrepresented Mrs. Gingiloski's consumer rights as its demand for immediate payment and its misrepresentation that she only had 5 days to arrange for payment overshadowed her right to dispute the debt within 30 days of receiving the letter.

11. As a result of Defendant's actions, Mrs. Gingiloski has suffered damages.

## COUNT I- VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

12. Plaintiff incorporates the preceding allegations.

13. At all relevant times Defendant Commercial Recovery Services, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

14. Mrs. Gingiloski is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt. Defendant Commercial Recovery Services is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

15. Defendant Commercial Recovery Services' actions in attempting to collect the debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. §1692e(10) by using false representations or deceptive means to collect or attempt to collect on a debt. Defendant did this when it sent Plaintiff correspondence stating she had five (5) days to arrange for payment or further collection efforts commence when really she had 30 days.

    b. 15 U.S.C. §1692e(11) by failing to communicate in every communication that the communication is from a debt collector. Defendant did this when it left Plaintiff a voicemail and did not mention that the communication was from a debt collector.

c. 15 U.S.C. §1692g(a)(3) by overshadowing Plaintiff's right to dispute the validity of the debt, or any portion thereof, within thirty days of receiving Defendant's letter.

d. 15 U.S.C. §1692g(a)(4) by overshadowing Plaintiff's right to notify the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed.

e. 15 U.S.C. §1692g(a)(5) by overshadowing Plaintiff's right to request, within the thirty-day period, the name and address of the original creditor, if different from the current creditor.

16. Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant her damages plus costs, interest and attorneys' fees as provided by the Fair Debt Collection Practices Act.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

17. Plaintiff incorporates the preceding allegations by reference.

18. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

19. Mrs. Gingiloski is a debtor as that term is defined in M.C.L. § 339.901(f).

20. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

    a. MCL §339.915(e) by making an inaccurate, misleading, untrue, or deceptive statements or claim in a communication to collect a debt. Defendant did this when it sent Plaintiff correspondence stating she had five (5) days to arrange for payment or further collection efforts commence;

    b. MCL §339.915(f)(2) by misrepresenting in a communication with a debtor the legal rights of the creditor or debtor. Defendant did this when it overshadowed her thirty-day rights to dispute the validity of the debt;

    c. MCL §339.915(g) by communicating with a debtor without accurately disclosing the caller's identity. Defendant did this when it left Plaintiff a voicemail and did not mention that the communication was from a debt collector; and

    d. MCL §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

21. Mrs. Gingiloski has suffered damages as a result of these violations of the Michigan Occupational Code.

22. These violations of the Michigan Occupational Code were willful.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant her damages plus costs, interest and attorneys' fees as provided by the Michigan Occupational Code.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

23. Plaintiff incorporates the preceding allegations by reference.

24. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

25. Mrs. Gingiloski is a "Consumer" as that term is defined at MCL § 445.251.

26. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

   a. MCL §445.252(e) by making an inaccurate, misleading, untrue, or deceptive statements or claim in a communication to collect a debt. Defendant did this when it sent Plaintiff correspondence stating that she had five (5) days to arrange for payment or further collection efforts commence;

   b. MCL §445.252(f)(2) by misrepresenting in a communication with a debtor the legal rights of the creditor or debtor. Defendant did this when it overshadowed her thirty-day rights to dispute the validity of the debt.

   c. MCL §445.252(g) by communicating with a debtor without accurately disclosing the caller's identity. Defendant did this when it left Plaintiff a voicemail and did not mention that the communication was from a debt collector; and

   d. MCL §445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

27. Mrs. Gingiloski has suffered damages as a result of these violations of the MCPA.

28. These violations of the MCPA were willful.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant her damages, plus costs, interest and attorneys' fees as provided by the Michigan Collection Practices Act.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Mrs. Gingiloski requests that the Court grant her the following relief against the defendant:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorneys' fees.

Respectfully submitted,

September 12, 2016

/s/ Gary Nitzkin
GARY D. NITZKIN P41155
TRAVIS SHACKELFORD P68710
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com