**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

AMBER GINGILOSKI

      Plaintiff

v.

COMMERCIAL RECOVERY SERVICES

      Defendant

Case No.  2:16-cv-13273-SJM-DRG
Hon.    Stephen J. Murphy
Magistrate:  David R. Grand

**CERTIFICATE OF SERVICE**

    I, Ryan B. Stearn, being duly sworn, states that on <u>November 14, 2016,</u> I served a copy of Defendant's Motion for Summary Judgment, and for sanctions, Brief in Support of said motion, and this Certificate of Service via electronic delivery to Plaintiff, c/o her attorney Gary D. Nitzkin at gary@micreditlawyer.com.

                      <u>/s/  Ryan B. Stearn</u>
                      Ryan B. Stearn (P57897)
                      Attorney for the Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMBER GINGILOSKI

    Plaintiff

v.

COMMERCIAL RECOVERY SERVICES

    Defendant

Case No. 2:16-cv-13273-SJM-DRG
Hon.  Stephen J. Murphy
Magistrate: David R. Grand

**DEFENDANT, COMMERCIAL RECOVERY SERVICES, VERIFIED MOTION FOR SUMMARY JUDGMENT AND FOR SANCTIONS**

NOW COMES Defendant, Commercial Recovery Services, by and through its attorney, Ryan B. Stearn, of the Law Office of Ryan B. Stearn, P.C., and for its Motion for Summary Judgment pursuant to FRCP 56(b) and FRCP 12, states as follows:

1. Defendant is a small debt collector as defined by 15 U.S.C. §1692 et seq.

2. Defendant is a small collection agency as defined by MCL §339.10 et seq.

3. Defendant is not a regulated person as defined by MCL §445.251 et seq.

4. Defendant was retained by Michigan Head and Spine to collect a debt owing by the Plaintiff in the amount of $88.90.

5. On August 19, 2016, Defendant left a voicemail for the Plaintiff, stating the name of Defendant's agent, a telephone number, and request for a return telephone call.

6. On August 19, 2016, Plaintiff called the Defendant, the Defendant provided the Plaintiff with all required statutory notices, and the parties settled the debt in the amount of $70.00.

7. Prior to the August 19, 2016, and within five (5) days of the August 19, 2016 telephone conversation, Defendant sent to the Plaintiff a letter, a sample copy of which is attached to Defendant's Brief as **Exhibit A.**

8. The Plaintiff did not receive the Defendant's letter until after the August 19, 2016 telephone conversation, whereby the parties agreed to settle the debt for payment in the amount of $70.00.

9. Defendant has never reported any adverse information to any credit bureau regarding the Plaintiff.

10. Defendant has never threatened any action against the Plaintiff.

11. Other than the one (1) telephone conversation with the Plaintiff, and the one (1) letter sent to the Plaintiff, Defendant did not have any further communication with the Plaintiff.

12. The request for payment language in the letter was not intended to, nor did it deprive the Plaintiff of any rights, nor did it contradict any statutory notice requirement.

13. The request for payment language in the letter was of the same font and size as the statutory notices.

14. The request for payment language in the letter was merely to provide the Plaintiff an opportunity to pay the debt without the further inconvenience of potentially receiving additional telephone calls or letters.

15. Any violation of 15 U.S.C. §1692 et seq. was unintentional.

16. The Defendant maintains procedures reasonably adapted to avoid violations of 15 U.S.C. §1692 et seq., by providing the Plaintiff with all statutory notices

along with directing the Plaintiff to address all correspondences to the Defendant.

17. Nothing contained in any of the Defendant's communications with the Plaintiff constitute a violation of the at-issue statutes.

18. Plaintiff's claims are frivolous and are subject to FRCP 11 sanctions.

19. Upon information and belief, Plaintiff is seeking in excess of $5,000.00 in damages for the alleged two (2) violations.

20. There was a conference between the attorneys of the parties entitled to be heard on the motion in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought.

WHEREFORE, for all of the reasons set forth herein, and Defendant's Brief in support of its motion for summary judgment, Defendant requests upon this Court to dismiss the instant case with prejudice and award to the Defendant sanctions pursuant to FRCP, including, but not limited to, all costs and attorney's fees.

Respectfully submitted,

/s/ Ryan B. Stearn
Ryan B. Stearn (P57897)
Attorney for the Defendant
29829 Greenfield Road, Ste 103
Southfield, MI  48076
(248) 213-7443
Ryan@stearnlaw.com

## ATTESTATION

I, Richard Courey, am an agent of Defendant, Commercial Recovery Services, with authority to attest to the truth of the matters asserted herein. All factual matters stated herein are true and accurate to the best of my knowledge.

COMMERCIAL RECOVERY SERVICES

By: Richard Courey
Its: President

STATE OF MICHIGAN   )
COUNTY OF OAKLAND   )SS

Subscribed and sworn to before me on 11-14-16, Oakland County, Michigan.

Notary Public

NATHAN GOLDBERG
Notary Public - Michigan
Oakland County
My Commission Expires Dec 22, 2019
Acting in the County of _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMBER GINGILOSKI

    Plaintiff

v.

COMMERCIAL RECOVERY SERVICES

    Defendant

Case No. 2:16-cv-13273-SJM-DRG
Hon.   Stephen J. Murphy
Magistrate:  David R. Grand

---

# DEFENDANT, COMMERCIAL RECOVERY SERVICES, BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND FOR SANCTIONS

## BRIEF FACTS

Defendant, Commercial Recovery Services, was retained by Michigan Head and Spine to collect a debt owing by the Plaintiff in the amount of $88.90. According to the Plaintiff's Complaint, on August 19, 2016, Defendant left a voicemail for the Plaintiff, whereby Defendant's agent solely left his name and telephone number, and requested a return call. That same day, on August 19, 2016, Plaintiff contacted the Defendant, and the parties agreed to resolve the debt, for payment by the Plaintiff to Michigan Head and Spine, in the amount of $70.00. Plaintiff agreed to pay, and the Plaintiff did in fact pay, the $70.00 settlement within two (2) weeks of August 19, 2016. Prior to the settlement with the Plaintiff, and within five (5) days of Defendant's initial communication with the Plaintiff, Defendant sent a letter to the Plaintiff in accordance with the Fair Debt Collection Practices Act. (Attached hereto as **Exhibit A** is a sample copy of the letter sent to the Plaintiff). Other than the two (2) communications with the Plaintiff, Defendant did not have any other communications with the Plaintiff. Further,

Defendant has never reported any adverse information to any credit bureau regarding the Plaintiff.

Plaintiff has filed the instant lawsuit alleging Violations of the Fair Debt Collection Practices Act. Michigan Occupational Code, and Michigan Collection Practices Act. Specifically, Plaintiff alleges that Defendant's voicemail and letter were violations of the Acts. Plaintiff does not allege that Defendant's telephone communication with the Plaintiff was a violation of the Acts. Upon information and belief, Plaintiff is seeking in excess of $5,000.00 in damages, costs and attorney's fees on a $70.00 debt, which was agreed to by the Plaintiff, and already paid by the Plaintiff. It should be noted that the Plaintiff is employed by Plaintiff's Attorney, Michigan Consumer Credit Lawyers, and has extensive knowledge of the Fair Debt Collection Practices Act, Michigan Occupational Code, and Michigan Collection Practices Act. Based upon the undisputed facts in the instant case, it is obvious that Plaintiff filed the instant lawsuit solely to extort money from the Defendant, and for no other legal purpose.

## STANDARD OF REVIEW

Pursuant to F.R.Civ.P.56(b), "a party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion."

Pursuant to F.R.Civ.P.12, "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."

## LEGAL ANAYSIS

## DEFENDANT'S VOICEMAIL DID NOT CONSTITUTE A VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, OR THE MICHIGAN OCCUPATIONAL CODE

On August 19, 2016, Defendant left Plaintiff a voicemail, whereby Defendant's agent identified his name and telephone number and requested a return call. Defendant did not disclose any other information on Plaintiff's recording device. On that same day, Plaintiff returned the Defendant's telephone call, Defendant made all required disclosures under the Acts to the Plaintiff, including but not limited to, identifying itself as a debt collector, and the parties settled the debt in the amount of $70.00. Despite agreeing to pay, and paying the debt in the amount of $70.00, Plaintiff alleges that Defendant's failure to identify itself as a debt collector in the voicemail message constituted a violation of the Fair Debt Collection Practices Act, the Michigan Occupational Code, and the Michigan Collection Practices Act.

Pursuant to 15 U.S.C. § 1692e(11), a debt collector is required to disclose in an initial communication with a consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

Pursuant to MCL § 339.915(g), a collection agency is required to disclose the caller's identity in any communication with a debtor.

In complete disregard for the law, Plaintiff wrongfully asserts that the Defendant's voicemail constituted a communication with the Plaintiff in violation of 15 U.S.C. §1692e(11) and MCL § 339.915(g). Pursuant to *Brown v. Van Ru Credit Corp,* 15-1323, 2015 WL 6220521, — F.3d — (3d Cir., Oct. 22, 2015), the United States Court of Appeals for the Sixth Circuit ruled that a voicemail message does not constitute a communication under the Fair Debt Collection Practices Act. Therefore, summary judgment for the Defendant as against the Plaintiff is proper. It is interesting to note that Plaintiff's attorney is this case was the Plaintiff's

attorney in *Brown v. Van Ru Credit Corp*. Therefore, Plaintiff, by and through her attorney, knew that the instant claim was frivolous, in direct conflict with the ruling of *Brown v. Van Ru Credit Corp*, and they filed this claim regardless.

### DEFENDANT'S LETTER DID NOT CONSITITUTE A VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, OR THE MICHIGAN OCCUPATIONAL CODE

On or about August 16, 2016, prior to speaking with the Plaintiff, Defendant sent to the Plaintiff a letter attempting to collect a debt from the Defendant, in the amount of $88.90 owing to Michigan Head and Spine. The letter included both a request for payment and the notices required by the Statutes. Plaintiff concedes that prior to receiving said letter, Plaintiff and Defendant had already agreed to settle the debt in the amount of $70.00. A sample copy of Defendant's letter is attached hereto as **EXHIBIT A**. Plaintiff's sole claim is that the language of the letter that requests payment violated the Fair Debt Collection Practices Act and the Michigan Occupational Code by using false and deceptive language in violation of 15 U.S.C. §1692e(10), and MCL §339.915(e) and overshadowing the notice requirements of 15 U.S.C. §1692(g)(a)(3), 15 U.S.C. §1692g(a)(4), 15 U.S.C. §1692g(a)(5), and MCL 339.915(f)(2)..

The debt was already settled for $70.00 prior to Plaintiff ever receiving any letter from the Defendant. Therefore, the letter could not have possibly been misleading, nor could it have overshadowed any of the requirements of the Statutes. Notwithstanding the same, the request for payment contained in the letter was not false, deceptive, inaccurate, misleading, or untrue. The request for payment contained in the letter accurately stated "You have five (5) days to arrange for payment or further collection efforts will commence. You are directed to address all future correspondence and payment concerning this account to this address…" Further, the request for payment was the exact same font and size as the required notices.

Pursuant to 15 U.S.C. §1692e(10), a debt collector may not use any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Pursuant to MCL §339.915(e), a collection agency shall no make an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt. It goes without saying that Defendant's letter does not violate 15 U.S.C. §1692e(10) or MCL §339.915(e). It merely requests payment arrangements and delays further collection activity for five (5) days.

Pursuant to 15 U.S.C. §1692(g)(a)(3), 15 U.S.C. §1692g(a)(4), and 15 U.S.C. §1692g(a)(5), a debt collector is required to provide to the debtor the required notices under the statute within five (5) days after the initial communication. Pursuant to MCL 339.915(f)(2), a collection agency shall not misrepresent the debtor's legal rights.

In her complaint, Plaintiff does not dispute that the Defendant provided the required notices within the five (5) days. Plaintiff solely alleges that the Defendant's request for payment contained in the letter overshadowed the required statutory notices. Again, the request for payment contained in the letter was the exact same font and size as the required notices, it did not deprive the debtor of any rights, it did not overshadow the statutory notices, and it did not contradict the statutory notices. There is no statutory or other legal authority requiring a debt collector to delay collection efforts. However, Defendant voluntarily agreed to delay collection efforts for five (5) days to give the Plaintiff an opportunity to make payment arrangements without further inconvenience of letters or telephone calls, as permitted by statute.

According to *Burns v. Accelerated Bureau of Collections of Virgina, Inc.*, 828 F. Supp. 475 (1993), unless the language of the letter deprives the debtor of his rights or contradicts the

statutory notice requirements, there can be no overshadowing or violation of 15 U.S.C. §1692g. In *Burns,* the debt collector sent a letter containing both a request for payment along with the statutory notice requirements. The request for payment language was in a larger font than the statutory notice requirements, stating:

> THE ABOVE ACCOUNT HAS BEEN LISTED WITH THIS AGENCY FOR IMMEDIATE COLLECTION. TIME IS OF THE ESSENCE. THEREFORE IT IS IMPORTANT THAT PAYMENT IN FULL FOR $3547.46 BE MADE TODAY.

Despite the request for payment being larger than the required notices, and requesting immediate payment, The United States District Court for the Eastern District of Michigan, Southern Division, granted the debt collector summary judgment, ruling that the request for payment language in the letter did not 'overshadow' or stand in threatening contradiction' to the validation notice required by 15 U.S.C §1692g that was also included in the letter. *Id* at 479. Therefore, clearly Plaintiff's claims are not only absurd, by are subject to Rule 11 sanctions.

### ANY VIOLATION BY THE DEFENDANT WAS UNINTENTIONAL AND RESULTED FROM A BONA FIDE ERROR

Even if the request for payment language in the letter was a violation, the violation was unintentional and resulted from a bona fide error. The bona fide error defense is set forth in 15 U.S.C. §1692k, which precludes liability for violations under the Fair Debt Collection Practices Act.

> To establish this defense, a defendant must prove that: (1) the violation was not intentional; and (2) the violation occurred 'notwithstanding the maintenance of procedures reasonably adapted to avoid such error. *Jenkins v. Heinz*, 124 F.3d 824, 834 (7th Cir. 1997).

In the case at hand, clearly, if a violation occurred, such violation was a bona fide error. As already stated herein, the debt in the amount of $88.90, was settled with the Plaintiff for $70.00 prior to the Plaintiff ever receiving the letter. The at-issue letter contains both a request for payment, along with clear and concise statutory notices. In addition, the letter specifically directs that Plaintiff to address all future correspondence to the Defendant, thereby acknowledging Plaintiff's rights under the statutory notices. Therefore, it goes without saying that the Plaintiff, who is employed by Plaintiff's Attorney, which is a consumer protection lawyer, is merely attempting to seek a windfall as against the Defendant.

## DEFENDANT'S IS NOT A REGULATED PERSON UNDER MCL § 445.251

Pursuant to MCL §445.251(g):

> (g) "Regulated person" means a person whose collection activities are confined and are directly related to the operation of a business other than that of a collection agency including any of the following:
>
> (i) A regular employee who collects accounts for 1 employer if the collection efforts are carried on in the name of the employer.
>
> (ii) A state or federally chartered bank that collects its own claim.
>
> (iii) A trust company that collects its own claim.
>
> (iv) A state or federally chartered savings and loan association that collects its own claim.
>
> (v) A state or federally chartered credit union that collects its own claim.
>
> (vi) A licensee under the regulatory loan act, 1939 PA 21, MCL 493.1 to 493.24.
>
> (vii) A business that is licensed by this state under a regulatory act that regulates collection activity.
>
> (viii) An abstract company that is engaged in an escrow business.

(ix) A licensed real estate broker or salesperson if the claim the broker or salesperson is collecting is related to or in connection with the broker's or salesperson's real estate business.

(x) A public officer or a person that is acting under a court order.

(xi) An attorney who is handling a claim or collection on behalf of a client and in the attorney's own name.

Defendant is a debt collector and collection agency. MCL §445.251 et al, only applies to a "Regulated Person." Therefore, Defendant is entitled to summary judgment.

## CONCLUSION

For all of the reasons set forth herein, it is clear that the Plaintiff's complaint was filed frivolously and for an improper purpose in violation of FRCP 11. Therefore, not only is Defendant entitled to summary judgment, but also sanctions against the Plaintiff, including, but not limited to, an award of costs and attorney's fees.

Respectfully submitted,

_____ 11/14/2016
Ryan B. Stearn (P57897)
Attorney for the Defendant
29829 Greenfield Road, Ste 103
Southfield, MI 48076
(248) 213-7443
Ryan@stearnlaw.com

# EXHIBIT A

2:16-cv-13273-SJM-DRG Doc # 6 Filed 11/14/16 Pg 14 of 15 Pg ID 41

COMMERCIAL RECOVERY SERVICES
32985 HAMILTON CT STE 103
FARMINGTON HILLS, MI 48334





ID# : ▓▓▓

REFERENCE NUMBER: ▓▓▓

TOTAL : ▓▓▓

Dear ▓▓▓,

Please be advised that your account has been assigned to COMMERCIAL RECOVERY SERVICES for immediate payment.

You have five (5) days to arrange for payment or further collection efforts will commence.

You are directed to address all future correspondence and payments concerning this account to this address:

    COMMERCIAL RECOVERY SERVICES
    32985 HAMILTON CT STE 103
    FARMINGTON HILLS, MI 48334

Sincerely,

ROBERT MILLER
800-280-4989

This is an attempt to collect a debt, and any information obtained will be used for that purpose. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.