UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMBER GINGILOSKI,

        Plaintiff,

v.

COMMERCIAL RECOVERY SERVICES,

        Defendant.

                                   /

Case No. 2:16-cv-13273

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND FOR SANCTIONS [6], AND REFERRING CASE TO MEDIATION**

Plaintiff Amber Gingiloski sued Defendant Commercial Recovery Services for alleged violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, Michigan Collection Practices Act (MCPA), Mich. Comp. Laws § 445.251 *et seq.*, and the Michigan Occupational Code (MOC), Mich. Comp. Laws § 339.901 *et seq.* Before the Court is Defendant's motion for summary judgment or, in the alternative, for judgment on the pleadings, and for sanctions. For the following reasons, the Court will grant the motion in part and deny it in part.

**BACKGROUND**

The present dispute arises from a voicemail, phone call, and letter regarding a $88.90 debt Plaintiff owed to the Michigan Head and Spine Institute. On August 19, 2016, Defendant left a voicemail for Plaintiff in which it allegedly failed to identify itself as a debt collector. ECF 1 ¶ 7. The exact contents of the voicemail are unclear. Plaintiff returned the call later that day, and claims Defendant tried to collect the debt during the call. *Id.* ¶ 8. Three days later, Plaintiff received a collection letter from Defendant regarding the debt.

The letter advised Plaintiff that her "account has been assigned to [Defendant] for immediate payment," and that she had five days to "arrange for payment or further collection efforts will commence." *Id.* ¶ 9. Plaintiff did not attach a copy of the letter to the complaint, but Defendant attached a "sample copy" of the letter to its motion. That "sample copy" states in pertinent part as follows:

> Please be advised that your account has been assigned to COMMERCIAL RECOVERY SERVICES for immediate payment.
>
> You have five (5) days to arrange for payment or further collection efforts will commence.
>
> \* \* \*
>
> This is an attempt to collect a debt, and any information obtained will be used for that purpose. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

ECF 6, PgID 42.

## STANDARD OF REVIEW

Defendant styled its motion as one for summary judgment, but also cited Rule 12(c). *See* ECF 6, PgID 34. Accordingly, the Court construes the motion as one for judgment on the pleadings and, in the alternative, for summary judgment.

I.  Judgment on the Pleadings

The Court analyzes a motion for judgment on the pleadings filed under Federal Rule of Civil Procedure 12(c) using the same standard for a motion to dismiss under Rule 12(b)(6). *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 549 (6th Cir. 2008)

(citation omitted). The Court must accept as true all well-pleaded material allegations of the pleadings and draw all reasonable factual inferences in favor of the non-moving party, but "need not accept as true legal conclusions or unwarranted factual inferences." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581–82 (6th Cir. 2007) (quoting *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

The complaint must "raise a right to relief above the speculative level, and [] state a claim to relief that is plausible on its face." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). But a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the element of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

II.  Summary Judgment

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" for purposes of summary judgment if proof of that fact would establish or refute an essential element of the cause of action or defense. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over material facts is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party. *60 Ivy St.*

*Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The Court must take care not to make judgments on the quality of the evidence, because the purpose of summary judgment is to determine whether a triable claim exists. *Doe v. Metro. Nashville Pub. Schs.*, 133 F.3d 384, 387 (6th Cir. 1998) ("[W]eigh[ing] the evidence . . . is never appropriate at the summary judgment stage.").

**DISCUSSION**

Plaintiff claims (1) the voicemail violated the FDCPA, MOC, and MCPA because Defendant failed to disclose that it was a debt collector, ECF 1 ¶¶ 15b, 20c, 26c; (2) the letter violated each statute because its language amounted to a false representation or deceptive means of collection (FDCPA), and an inaccurate, misleading, untrue, or deceptive statement or claim (MOC and MCPA), *id.* ¶¶ 15a, 20a, 26a; (3) the letter violated each statute because it contained language that overshadowed Plaintiff's rights to dispute the debt or request additional information about the debt, *id.* ¶¶ 15c–e, 20b, 26b; and (4) the letter violated MOC and MCPA because Defendant has failed to implement a procedure designed to prevent a violation by an employee, *id.* ¶¶ 20d, 26d.

Defendant challenges Plaintiff's FDCPA and MOC claims as to the voicemail and the letter, and the MCPA claims because Defendant is not a "regulated person" under the statute. Defendant also seeks sanctions against Plaintiff for filing a complaint frivolously and with an improper purpose.

I. <u>Voicemail</u>
    A. FDCPA

Plaintiff argues that the Defendant's voicemail violated 15 U.S.C. § 1692e(11), which requires a debt collector to disclose in an initial oral communication that it "is attempting to collect a debt and that any information obtained will be used for that purpose," and "in subsequent communications that the communication is from a debt collector[.]" The threshold issue is whether Defendant's voicemail is a "communication" under the statute. The FDCPA defines a "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. §1692a(2). The conveyance "must at a minimum imply the existence of a debt" so the conveyed information can be understood as "regarding a debt." *Brown v. Van Ru Credit Corp.*, 804 F.3d 740, 742 (6th Cir. 2015). In *Brown*, the Sixth Circuit ruled that a voicemail stating the name of the debt collector, name and phone number of the agent, and a claim reference number was not a "communication" under the FDCPA. *Id.* at 743.

Plaintiff does not allege sufficient facts to show that the voicemail message was a "communication." She merely alleges that Defendant's agent failed to identify himself as a debt collector in the voicemail. The complaint is devoid of any reference to information in the voicemail that could imply the existence of Plaintiff's debt. Without a well-pleaded factual assertion, the Court cannot draw a reasonable inference that Defendant's voicemail constituted a statutory violation. Plaintiff's FDCPA claims will be dismissed as to the voicemail.

B.   MOC

Plaintiff argues that Defendant's voicemail violated Mich. Comp. Laws § 339.915(g), which requires a collection agency to disclose its identity in any communication with a debtor. Absent from both parties' briefing, however, is any Michigan authority supporting

or rejecting the proposition that Defendant's failure to affirmatively identify itself as a debt collector in a voicemail constituted a violation of the MOC. Accordingly, Defendant's motion as to this claim will be denied without prejudice for renewal.

II. <u>Letter</u>

    A.    Consideration of the Letter

As an initial matter, the Court must decide whether to consider the letter attached to Defendant's motion as support for Defendants' arguments under Rules 12(c) and 56. *See* ECF 6, PgID 42. When considering a Rule 12(c) motion—reviewed under the same standard as a Rule 12(b)(6) motion—the allegations in the complaint are the Court's primary focus, but "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[] also may be taken into account." *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (quotation omitted) (alteration in original). The Court may also consider exhibits attached to the motion, "so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

There is no doubt that the letter Defendant sent to Plaintiff is central to Plaintiff's claims. But that particular letter is not attached to Defendant's motion. Instead, Defendant attached a "sample copy" of the letter with no identifying information. ECF 6, PgID 33, 42. Defendant makes no attempt to substantiate its implicit assertion that the contents of the two letters are identical. Consequently, the Court will not consider the "sample letter" in its Rule 12(c) analysis of the arguments premised on the letter's contents.

The Court can, however, consider the "sample copy" of the letter under Rule 56. While the Court focuses on the allegations in the complaint with a Rule 12 motion, the

Court reviews a summary judgment motion in consideration of the body of evidence before a reasonable jury. Implicit in the parties' arguments is an acceptance that the sample copy of the letter is evidence of the same or substantially the same language as the actual letter sent from Defendant to Plaintiff. Because both parties accept the letter, the Court will consider it when resolving Defendant's motion for summary judgment.

B.  Ripeness for Summary Judgment

Next, the Court must address Plaintiff's argument that "this case is not ripe for a motion for summary judgment, as the parties have yet to begin discovery." ECF 9, PgID 65. The Court construes Plaintiff's request as one under Rule 56(d), which allows the Court to deny an outstanding motion for summary judgment or allow time to take discovery if the nonmovant explains, by way of affidavit or declaration, that it cannot present facts essential to justify its opposition. Fed. R. Civ. P. 56(d).

Plaintiff has not submitted an affidavit or declaration explaining why she cannot present facts essential to justify its opposition to the motion, and has not sufficiently detailed her "need for discovery, [and] what material facts [she] hopes to uncover[.]" *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000). "The importance of complying with Rule 56[(d)] cannot be overemphasized. If the appellant has not filed either a Rule 56[(d)] affidavit or a motion that gives the district court a chance to rule on the need for additional discovery, this court will not normally address whether there was adequate time for discovery." *Cacevic*, 226 F.3d at 488 (internal quotations omitted); *see, e.g.*, *Hawks v. Does*, No. 3:10CV-P169-S, 2011 WL 3501840, at *1 (W.D. Ky. Aug. 10, 2011) (declining to grant relief under Rule 56(d) when opponent "submitted no affidavit or declaration with his motion and fails to identify what material facts he would hope to uncover in the course

of further discovery"). Although "[i]t is well-established that the plaintiff must receive 'a full opportunity to conduct discovery' to be able to successfully defeat a motion for summary judgment," the Sixth Circuit has "upheld the denial of Rule 56[(d)] motions when the court deems as too vague the affidavits submitted in support of the motion," and has "upheld the denial of Rule 56[(d)] motions on vagueness grounds even when the parties were given no opportunity for discovery." *CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008).

If a Rule 56(d) request can be denied when supporting affidavits are too vague, it is certainly appropriate to deny Plaintiff's request, because she failed to attach an affidavit or declaration altogether. The Court will reject her request, and proceed to the merits of Defendant's motion for summary judgment.

C. FDCPA

1. Effect of the Phone Call

Defendant asserts that the debt was paid during a phone call with Plaintiff on August 19, 2016, ECF 6, PgID 29, while Plaintiff claims the debt was paid on August 25, 2016, ECF 9-1 ¶ 8. The resolution of this fact is important, because it informs the Court's analysis of Defendant's letter in light of the FDCPA's validation notice provisions.

Within five days of an initial communication between a consumer and a debt collector, the collector must fulfill its statutory validation notice requirements, unless the required information was "contained in the initial communication" or "the consumer has paid the debt." 15 U.S.C. § 1692g(a). If Defendant is correct and Plaintiff paid the debt during the call, the exception to the notice requirements applies, and Plaintiff's challenges to the letter are moot. But if Plaintiff is correct and she paid the debt six days after the phone call, the validation notice requirements apply to Defendant's letter. It is clear from the parties'

briefing and the limited record evidence that there is a genuine issue of material fact as to whether Plaintiff paid the debt during the August 19, 2016 phone call. Accordingly, the Court will deny Defendant's motion for summary judgment to the extent Defendant argues that Plaintiff's alleged payment of the debt over the phone mooted any alleged violations caused by misleading or overshadowing language in the letter.

2. Defendant's Bona Fide Error Defense

Next, Defendant argues that any FDCPA violation it may have committed "was unintentional and resulted from a bona fide error." ECF 6, PgID 38.

The "bona fide error defense" exempts a debt collector from liability if it "shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). The doctrine sets forth an affirmative defense on which Defendant bears the burden, *Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1034 (6th Cir. 1992), to prove by a preponderance of the evidence that "(1) the violation was unintentional; (2) the violation was a result of a bona fide error; and (3) the debt collector maintained procedures reasonably adapted to avoid any such error." *Csircsu v. Williams & Fudge, Inc.*, No. 15-13808, 2017 WL 345657, at *3 (E.D. Mich. Jan. 24, 2017). The third element, in particular, is an objective, fact-intensive inquiry best left to the fact-finder. *Id.* at *4. The matter can be resolved as a question of law when an undisputed record "establishes that the procedures in place are extensive and were adhered to," but "[t]he mere assertion of good intent, absent a factual showing of actual safeguards reasonably adopted to avoid violations of the FDCPA, is insufficient[.]" *Id.* (quotations omitted).

Here, Defendant's cursory assertion and the limited evidentiary record are

insufficient to affirm the bona fide error defense. *See* ECF 6, PgID 38–39. Accordingly, the Court cannot accept Defendant's bona fide error defense to enter summary judgment at this early stage of the litigation.

3. Alleged Violations Under 15 U.S.C. § 1692g(a)(3)–(5)

Plaintiff claims the letter violated 15 U.S.C. § 1692g(a)(3) by overshadowing her right to dispute the validity of the debt within 30 days of receiving the letter, ECF 1 ¶ 15c; § 1692g(a)(4) by overshadowing her right to "notify the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed," ECF 1 ¶ 15d; and § 1692g(a)(5) by overshadowing her right to "request, within the thirty-day period, the name and address of the original creditor, if different from the current creditor," ECF 1 ¶ 15e.

Title 15 U.S.C. § 1692g states as follows:

> (a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing
>
> \* \* \*
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

The notice is effective so long as it is not "overshadowed or contradicted by other messages or notices appearing in the initial communication from the collection agency" as read by "the least sophisticated debtor." *Fed. Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 511 (6th Cir. 2007); *see* 15 U.S.C. § 1692g(b). The "least sophisticated debtor" standard is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Id.* at 509–10. It ensures that the FDCPA protects all consumers, "the gullible as well as the shrewd," and protects naïve consumers while preventing liability for "bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Id.* And it "assumes that a Validation Notice is read in its entirety, carefully[,] and with some elementary level of understanding." *Id.* (internal citations and quotation marks omitted). A collector need not parrot the Act to comply with it. "A statement works if it speaks with enough clarity to convey the required information to a reasonable but unsophisticated consumer." *Wallace v. Diversified Consultants, Inc.*, 745 F.3d 1235 (6th Cir. 2014).

Plaintiff juxtaposes the following two statements in the letter to support her claims: "[y]ou have 5 days to arrange for payment or further collection efforts will commence," and "[u]nless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid." ECF 6, PgID 42. Defendant argues that the language in the letter was proper because the request for payment was accurate, and was "the exact same font and size as the required notices. ECF 6, PgID 36. Plaintiff contends that the "least sophisticated debtor" would be misled by

Defendant's "threat of future collection efforts after five days," and the threat itself "overshadows the required FDCPA notices. ECF 9, PgID 68–69.

The Court must determine the proper interpretation of the statements, given Plaintiff's reading of the letter under the "least sophisticated debtor" standard, while viewing the facts and drawing all reasonable inferences in a light most favorable to the Plaintiff. The court in *Lodish v. Stellar Collection Servs., Inc.* addressed language in a demand letter that was identical to the language in the letter here, except the *Lodish* defendant gave the debtor 30 days to make arrangements for payment instead of the five that Plaintiff here received. No. 5:10-CV-0079 NPM DEP, 2010 WL 4235407, at *1 (N.D.N.Y. Oct. 21, 2010). The court noted the letter's lack of "transitional language explaining that the notice providing Plaintiff thirty days to make arrangements for payment does not override Plaintiff's right to dispute the debt" created a question of fact "as to whether the 'least sophisticated consumer' would be misled by the contradictory statements" in the letter. *Id.* at *5.

Defendant's letter is saddled by the same problem. "The critical question is whether [debtor] has been led to believe that [she] did not have thirty days in which to dispute the validity of the debt." *Lamar*, 503 F.3d at 510 (quotation omitted). Here, the letter instructed Plaintiff that she had "five (5) days to arrange for payment or further collection efforts" would commence, but later stated Plaintiff's rights to dispute the debt within 30 days. ECF 6, PgID 42. Without an explanation that the former did not override the latter, a reasonable finder of fact could conclude that this contradiction would cause the "least sophisticated debtor" to "overlook the procedures contained in the validation notice," and both parties would be "entitled to present expert proof to the jury regarding the effect" of that language.

*Beeman v. Lacy, Katzen, Ryen & Mittleman*, 892 F. Supp. 405, 413 (N.D.N.Y. 1995). Accordingly, the Court will deny Defendant's motion for summary judgment as to the FDCPA claims regarding the letter.

    D.    MOC

In its motion, Defendant seeks summary judgment on Plaintiff's claim that the language in the letter violated the MOC, but identified no Michigan authority supporting the proposition that the language in the letter did not constitute a violation. Defendant merely cited the statute and spent its remaining argument addressing Plaintiff's FDCPA claim. Accordingly, the Court will decline to grant summary judgment on that claim.

III.    <u>MCPA Claims</u>

Next, Defendant argues that Plaintiff's MCPA claims should be dismissed because Defendant is a "debt collector and collection agency," and thus not a "regulated person" subject to the MCPA. ECF 6, PgID 39–40.

The MCPA applies only to a "regulated person" "whose collection activities are confined and are directly related to the operation of a business other than that of a collection agency[.]" Mich. Comp. Laws § 445.251(g). A "collection agency" is "a person that is directly engaged in collecting or attempting to collect a claim owed or due or asserted to be owed or due another . . . or a person that performs collection activities that are regulated" by the MOC. *Id.* at § 445.251(b).

The MOC's definition of a "collection agency" includes language that "exactly mimics the MCPA's definition of a 'regulated person,' with the result that those who are excluded from the definition of a 'collection agency' are included as 'regulated persons' under the MCPA." *Misleh v. Timothy E. Baxter & Assocs.*, 786 F. Supp. 2d 1330, 1337 (E.D. Mich.

13

2011) (emphasis omitted). Thus, "a person or entity engaged in debt collection activities is either a 'collection agency' under the [MOC] or a 'regulated person' under the MCPA, but not both."

In her complaint, Plaintiff alleged that Defendant is a "collection agency" as defined in the MOC, Mich. Comp. Laws § 339.901(b). Thus, it necessarily follows that Defendant cannot be a "regulated person" under the MCPA. The Court will grant summary judgment for Defendant as to Plaintiff's MCPA claims.

IV.    Rule 11 Sanctions

Finally, Defendant's request for sanctions is procedurally improper. A request of that sort must be made in a separate motion, *see* Fed. R. Civ. P. 11(c)(2), or combined with a motion for sanctions arising under other provisions. *Ridder v. City of Springfield*, 109 F.3d 288, 294 n.7 (6th Cir. 1997). Defendant has done neither, so the request is denied.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Defendant's Motion for Summary Judgment and for Sanctions [6] is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's FDCPA claims related to the voicemail are **DISMISSED WITH PREJUDICE**, and Plaintiff's claims under the MCPA are **DISMISSED WITH PREJUDICE**. The motion is denied in all other respects.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 16.3, the case is **REFERRED** to retired judge Richard Hathaway (313-530-8960, rickjudge@yahoo.com) for mediation and settlement discussions. The parties shall proceed in compliance with Local Rule 16.4, and shall provide Judge Hathaway with a copy of this order as soon as

practicable. The mediation session shall occur no later than **30 days** from the date of this Order or as otherwise set by Judge Hathaway. No later than **15 days** from the date of this Order the parties shall **FILE** on the docket a Joint Notice indicating the date, time, and location of the scheduled mediation session, and its expected attendees, or detailed reasons why a session has yet to be set.

Judge Hathaway shall **NOTIFY** the Court within seven days of completion of mediation, stating only the "date of completion, who participated, whether settlement was reached, and whether further alternative dispute resolution proceedings are contemplated." E.D. Mich. LR 16.4(e)(6). If a settlement is reached, the parties shall **NOTIFY** the Court immediately upon completion of mediation and **SUBMIT** a proposed order of dismissal within 21 days. *Id.* at 16.4(e)(7). If a settlement is not reached, the parties shall **NOTIFY** the Court within seven days of the completion of mediation.

**SO ORDERED.**

s/Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: May 30, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 30, 2017, by electronic and/or ordinary mail.

s/David P. Parker  
Case Manager
